Filed 6/30/16  P. v. Oliver CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRYAN OLIVER,<br><br>　　Defendant and Appellant. | F071129<br><br>(Kern Super. Ct. No. BF146151A)<br><br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　Before Levy, Acting P.J., Poochigian, J., and Franson, J.

Appellant Bryan Oliver pled no contest to two counts of attempted murder (count 1 & 2, Pen. Code, §§ 664 & 187, subd. (a))[1] and admitted a personal use of a firearm enhancement (§ 12022.53, subd. (c)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On January 10, 2013, at approximately 8:55 a.m., as students were taking a quiz in Ryan Heber's science class at Taft Union High School in Taft, California, 16-year-old Oliver entered the classroom armed with a shotgun. Oliver aimed the shotgun at fellow student, Bowe C., and fired, striking him in the chest. Bowe told Oliver, "I'm shot, I'm dying." Oliver laughed and smiled as he replied, "Good." As the students ran toward the back of the room, Oliver stated, "All I want is Jacob." Jacob N. hid behind a table as Instructor Heber tried to defuse the situation and Oliver repeated that all he wanted was "Jacob." As some students ran toward the back door, Oliver fired a second shot. Some of the pellets struck Heber causing a small injury to the right side of his forehead.

Oliver began pacing back and forth at the front of the room and reloaded the shotgun. Meanwhile, Campus Security Supervisor Kim Fields arrived and began trying to convince Oliver to put the shotgun down, which Oliver eventually did. Fields then took Oliver to the ground. As he sat on the ground, Oliver took several shotgun shells out of his pocket. Fields took Oliver to a room where he asked him what happened. Oliver replied that he had been picked on for many years and that he just snapped that day.

In an interview with sheriff deputies, Oliver stated he was at home getting ready for school and watching a movie when the next thing he knew he was in the classroom holding the shotgun. He also stated that he was just trying to get back at some of the

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

people who had "messed up his high school life" and that he had been bullied by Bowe and Jacob.

On October 21, 2014, the district attorney filed an amended information charging Oliver with two counts of attempted murder. Count 1 and 2 also charged Oliver with a personal discharge of a firearm enhancement (§ 12022.53, subd. (c)), a discharge of a firearm and personal infliction of great bodily injury enhancement (§ 12022.53, subd. (d)), a personal use of a firearm enhancement (§ 12022.5, subd. (a)), and a great bodily injury enhancement (§ 12022.7, subd. (a)).

On November 13, 2014, a jury trial in this matter began.

On December 16, 2014, after the jury was unable to reach a verdict on either count, the court declared a mistrial.

On January 16, 2015, Oliver pled no contest to the two counts of attempted murder and admitted the arming enhancement pursuant to section 12022. 53, subdivision (c) in count 1, in exchange for the dismissal of the remaining counts and a stipulated sentence of 27 years 4 months.

On February 26, 2015, the court sentenced Oliver to the stipulated term of 27 years 4 months: the mitigated term of five years on count 1, a 20-year arming enhancement in that count, and a term of two years four months on count 2 (one-third the middle term of seven years). Based on documents submitted by victim Bowe, the court also ordered Oliver to pay $857,859.73 in restitution to Bowe.

Oliver's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a document filed July 8, 2015, Oliver contends the restitution he was ordered to pay victim Bowe is "unacceptable [and] outrageous" because it is excessive and he does not have the means to pay it.

3

Section 1204, subdivision (f) provides: "… in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. …"

Although Oliver does not raise any legal arguments in the document he filed we note that victim Bowe suffered extensive injuries from the shotgun blast that struck him in the chest and that he provided extensive documentation for the expenses he claimed.

Further, following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.